UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **FERNANDO SOTO D/B/A WIXO INC.,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| **V.** § | CIVIL ACTION NO 6:24-cv-00413 |
| § | |
| **STATE AUTO MUTUAL INSURANCE** § | |
| **COMPANY** § | |
| § | |
| *Defendant.* § | |

### DEFENDANT STATE AUTO MUTUAL INSURANCE COMPANY'S
### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant State Auto Mutual Insurance Company ("State Auto" or "Defendant"), files this Notice of Removal and in support thereof, would show the Court as follows:

### I.   PROCEDURAL BACKGROUND

1. On September 25, 2024, Plaintiff Fernando Soto D/B/A Wixo Inc. ("Plaintiff") filed his Original Petition and initiated a civil action against Defendant in the 173rd Judicial district Court of Henderson County, Texas, styled *Fernando Soto D/B/A Wixo Inc. v. State Auto Mutual Insurance Company*, Cause No. CV24-0522-173 ("State Court Action"). **Exhibit C**

2. On October 2, 2024, Defendant was served with a copy of the Citation and Plaintiff's Original Petition. **Exhibit B**. Defendant timely filed its answer in the State Court Action on October 28, 2024. *See* **Exhibit D** attached hereto and incorporated by reference.

3. Defendant now timely files this Notice of Removal within the thirty-day timeframe for removal under 28 U.S.C. § 1446(b).

4. Under 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Eastern District of Texas, Tyler Division because the 173rd Judicial District of Henderson County is located within the Tyler Division of the Eastern District of Texas. Therefore, this Court is the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 1446(a).

## II.   ARGUMENT AND AUTHORITIES

5. State Auto Mutual Insurance Company's removal of the State Court Action is proper on the basis of diversity of citizenship jurisdiction. Under 28 U.S.C. § 1332(a)(2), diversity jurisdiction over a civil action exists in a federal district court when the amount in controversy exceeds $75,000, exclusive of interest and costs, and when none of the parties in interest properly joined and served as defendants are citizens of the same state as plaintiff. 28 U.S.C. §§ 1332(a)(2). Here, both requirements for subject matter jurisdiction based on diversity of citizenship are met in this case.

### A.   The Parties are Completely Diverse.

6. Complete diversity of citizenship exists between Plaintiff and State Auto Mutual Insurance Company. Plaintiff is an individual, and thus he is a citizen of the state in which he is domiciled. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Individuals are domiciled in the state in which they reside with the intent to remain indefinitely. *State of Texas v. State of Florida*, 306 U.S. 398, 424–25 (1939); *see also Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760 (S.D. Tex. 2007). An individual may have only one domicile, which is presumed to continue until the individual is physically present in a different state with the intent to remain indefinitely. *See Coury*, 85 F.3d at 250; *Stine v. Moore*, 213 F.2d 446, 447–48 (5th Cir. 1954). According to Wixo Inc.'s Certificate of Formation, Plaintiff is listed as the sole director of the corporation and is located in the state of Texas.  **Exhibit G**. Therefore, Plaintiff is domiciled and citizens of the State of Texas for purposes of diversity jurisdiction.

7. Wixo Inc. is a corporation, and thus is a citizen of every state under the laws of which it is incorporated and in the state in which it has its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). Upon information and belief, Wixo Inc. is now, was at the time this suit was filed, and was at all times intervening, a corporation organized under the laws of the State of Texas and has its principal place of business in the State of Texas wherein its high-level officers direct, control, and coordinate Wixo Inc.'s activities. Therefore, Wixo Inc. is a citizen of the State of Texas.

8. State Auto Mutual Insurance Company is also a corporation and is also a citizen of every state under the laws of which it is incorporated and in the state in which it has its principal place of business. Defendant is now, was at the time this suit was filed, and was at all times intervening, a corporation organized under the laws of the State of Ohio and has its principal place of business in the State of Ohio wherein its high-level officers direct, control, and coordinate Defendant's activities. Therefore, Defendant is a citizen of the State of Ohio and not a citizen of Texas.

9. Accordingly, the Parties are completely diverse because Plaintiff and Wixo Inc. are citizens of Texas and Defendant is a citizen of Ohio for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(2).

### B. The Amount in Controversy Exceeds $75,000.00.

10. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* **Exhibit C**, **pg. 12**. The amount in controversy under 28 U.S.C. § 1332(a) is determined by reference to a plaintiff's pleadings. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995). The damages a plaintiff claims in the petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Attorneys' fees are included in the amount in controversy where a statute

under which the plaintiff sues authorizes recovery thereof. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), *cert. denied*, 534 U.S. 894 (2001). Where the State in which the plaintiff files the original action does not permit demand for a specific sum, then the "defendant's [plausible] amount-in-controversy allegation should be accepted when not contested." *Durbois v. Deustch Bank Nat'l T. Co. as T of Holders of AAMES Mortg. Inv. T.*, 37 F.4th 1053, 1056 (5th Cir. 2022) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)); *see also Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (removing defendant need only establish that it is "'facially apparent' that the claims ***could probably*** exceed $75,000 or [establish] the facts in controversy in the removal petition. . .") (emphasis added).

11.     Plaintiff's Original Petition, as the Texas Rules of Civil Procedure permitted, does not state a specific monetary demand. Rather, Plaintiff has pled that he seeks actual, consequential, and treble damages under the Texas Insurance Code. **Exhibit C**, **pg. 12**. Plaintiff claims he seeks monetary relief of more than $250,000 but less than $1,000,000.00, including interest, statutory or punitive damages and penalties, and attorneys' fees and costs. This amount alone makes it facially apparent the amount in controversy is above the jurisdictional threshold. Therefore, because it is facially apparent Plaintiff alleges damages in excess of $75,000, exclusive of interest and costs, the amount-in-controversy requirement is satisfied.

### III.     INFORMATION FOR THE CLERK

12.     Pursuant to Local Rule 81, Defendant has attached the following documents to this Notice of Removal:

1. All executed process in the case, as **Exhibit B.**
2. Pleadings asserting causes of action, as **Exhibit C,** and all answers to such pleadings as **Exhibit D**.
3. All orders signed by the state judge, of which there are none.
4. The State Court docket sheet, as **Exhibit E**
5. An index of the matters being filed, as **Exhibit A**; and,

      6. A list of all counsel of record, including addresses, telephone numbers, and parties represented, as **Exhibit F**.

13. Copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached to this Notice of Removal pursuant to 28 U.S.C. § 1446(a) as **Exhibits B** (process)**, C**, **and D** (pleadings). There have been no orders served upon Defendant in the State Court Action.

14. Pursuant to Federal Rule of Civil Procedure 7.1(a), Defendant will file a corporate disclosure statement and certificate of interested persons.

15. Defendant has or will promptly notify the 173rd Judicial District Court of Henderson County, Texas of its Removal of the State Court Action to this federal Court.

### IV.    JURY DEMAND

16. Defendant requests a trial by jury in this Federal Court on all triable issues of fact.

### V.    CONCLUSION

17. This is a civil action of which this Court would have had original jurisdiction under 28 U.S.C. 1332(a) had Plaintiff chose to file this action in this Court. Therefore, State Auto Mutual Insurance Company's removal of this civil action to this Court is proper under 28 U.S.C. § 1441(a) because it is an action between citizens of different States, the amount in controversy exceeds $75,000, exclusive of interest and costs, and this Court is the district and division within which the State Court action is pending.

### PRAYER

WHEREFORE, State Auto Mutual Insurance Company respectfully removes the above-entitled action from the 173rd Judicial District Court of Henderson County, Texas, to the United States District Court for the Eastern District of Texas, Tyler Division.

                                          Respectfully submitted,

                                          **PHELPS DUNBAR LLP**

      BY:    */s/ Clinton J. Wolbert*
Clinton J. Wolbert
State Bar No. 24103020
Tillman Grogan IV
State Bar No. 24116462
910 Louisiana Street; Suite 4300
Houston, Texas 77002
Telephone: 713 626 1386
Facsimile: 713 626 1388
clinton.wolbert@phelps.com
tillman.grogan@phelps.com

**ATTORNEYS FOR DEFENDANT STATE AUTO MUTUAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been served this 31st day of October 2024 to the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Stephen P. Carrigan      *Vía Email: scarrigan@ccatriallaw.com*
David M. Anderson      *Vía Email: danderson@ccatriallaw.com*
**CARRIGAN & ANDERSON, PLLC**
101 N. Shoreline Blvd., Ste. 420
Corpus Christi, Texas 78401
[T]: 361-884-4433
*Attorneys for Plaintiff*

/s/ *Clinton J. Wolbert*
Clinton J. Wolbert